54

[675 NYS2d 563]

In the Matter of Tara Talmadge (Admitted as Tara Lynn Talmadge), an Attorney, Respondent. Grievance Committee for the Second and Eleventh Judicial Districts, Petitioner.

Second Department, July 6, 1998

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn (*Diana Maxfield Kearse* of counsel), for petitioner.

*John F. Carman,* Garden City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition dated September 17, 1997, containing one charge of professional misconduct against her. After a hearing, the Special Referee sustained the charge. The Grievance Committee moved to confirm the Special Referee's report. The respondent joined in the motion to confirm and requested that the Court impose a censure as the appropriate measure of discipline.

Charge One alleged that the respondent is guilty of professional misconduct in that she was convicted of a serious crime.

On February 25, 1997, the respondent entered a plea of guilty in the First District Court, Nassau County, to one count of attempted misconduct in relation to petitions, a class B misdemeanor, in violation of Election Law § 17-122 (7). The respondent was sentenced on April 15, 1997 to a conditional discharge, 30 hours of community service, and a $500 fine.

By reason of the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (A) (4), (5) and (8) (22 NYCRR 1200.3 [a] [4], [5], [8]).

In her verified answer dated October 1, 1997, the respondent admitted the allegations of the complaint and requested a hearing at which to present evidence in mitigation of the admitted conduct.

The Grievance Committee rested its case on the basis of the respondent's admission of her conviction of the Election Law violation.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained the charge. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the numerous character letters submitted on the respondent's behalf, her candid admissions and acceptance of responsibility, and her psychological history, which explains the motivation for her aberrant behavior. The respondent has a previously unblemished record and was not acting in her capacity as an attorney in committing the underlying Election Law violation.

Under these particular circumstances, the respondent is censured for her misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Tara Talmadge, is censured for her misconduct.