[820 NYS2d 52]

In the Matter of DAVID W. DENENBERG (Admitted as DAVID WARREN DENENBERG), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 17, 2006

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Richard M. Maltz* for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent David W. Denenberg was admitted to the practice of law in New York by the Second Judicial Department on December 14, 1988 as David Warren Denenberg. At all times relevant herein, respondent has maintained an office for the practice of law within the First Judicial Department.

On January 11, 2005 in Nassau County District Court, respondent entered a guilty plea in satisfaction of a misdemeanor complaint charging him with misconduct in relation to nominating petitions in violation of Election Law § 17-122 (7), upon conviction for which respondent was sentenced to a conditional discharge and directed to pay surcharges totaling $160. Previously, this Court deemed the offense to be a "serious crime" within the contemplation of Judiciary Law § 90 (4) (d) and referred the matter directly to a Hearing Panel to conduct a sanction hearing (Judiciary Law § 90 [4] [g]; 22 NYCRR 603.12 [a]).

Prior to the hearing, the parties stipulated that respondent, while running for reelection as a Nassau County Legislator, violated Election Law § 17-122 (7)* by "stating falsely that signatures contained [in nominating petition No.12] were signed in his presence by the named individuals, when in fact, [those] individuals had not signed their names to the petition in his presence nor had they signed this petition at all." The District Attorney had alleged that approximately 25% of the signatures found to be invalid were obtained from a member of the same household and that the remainder were forged by someone unrelated to the purported signatory.

Respondent did not contest these assertions but denied any knowledge of, or participation in, the forgeries. At his plea allocution before District Court, respondent stated that he had "attested to signatures" on a petition that contained invalid signatures and had been "careless," asserting that he would "never let this happen again." Before the Hearing Panel, re-

---

* Election Law § 17-122 (7) provides: "Any person who . . . [b]eing a notary public, commissioner of deeds or a subscribing witness to a petition, provided for in this chapter, for the designation or nomination of a candidate, or a petition for opportunity to ballot at a primary election, thereby makes a false statement or makes a false affidavit thereon . . . is guilty of a misdemeanor."

spondent explained that after voters signed the petition in his presence, the sheets were sent to party headquarters, where any missing information was filled in, and then returned to him for verification of the signatures. Respondent stated that it did not occur to him to compare the signatures on the petitions returned to him to verify that entries were not duplicated or entered in the same handwriting. Respondent fully appreciated that his signed verification statement was equivalent to an affidavit, subject to the same penalties as if duly sworn.

Respondent has a long history of public service. The Hearing Panel received character evidence, described as "far ranging, voluminous and of significant weight," attesting to his "tireless efforts on behalf of his community and the well being of his neighborhood and constituents." With respect to the sanction to be imposed, the Nassau County District Attorney asked that respondent be allowed to continue to practice law. Noting respondent's previously unblemished record, the nature of his office and the impressive character evidence, the Panel recommended public censure.

The Committee now seeks an order confirming the Hearing Panel's findings of fact, conclusions of law and sanction recommendation. The Committee notes that although this Court has not ruled on a similar Election Law violation, censure is consistent with penalties imposed for similar misconduct (*see Matter of Talmadge*, 244 AD2d 54 [1998] [public censure for attempted misconduct in relation to petitions]). Although respondent attributes his actions to carelessness, the Committee argues that respondent must ultimately accept responsibility for his criminal conduct.

While respondent's misconduct may be the result of carelessness, it remains that he was convicted of violating Election Law § 17-122 (7), for which suspension is the appropriate sanction (*see Matter of Panepinto*, 290 AD2d 66 [2001] [30-day suspension imposed on attorney with unblemished record]; *see also Matter of Kihl*, 103 AD2d 393 [1984] [one-year suspension imposed on attorney with previous private censure]).

Accordingly, the Committee's motion should be granted to the extent indicated and disaffirmed with respect to the recommended sanction of public censure and respondent suspended from the practice of law in the State of New York for 90 days.

Tom, J.P., Mazzarelli, Andrias, Nardelli and Sweeny, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of 90 days, effective September 18, 2006 and until further order of this Court.